United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCALL, et al., | No. C-05-2278 MMC |
| Plaintiffs, | **ORDER VACATING JULY 22, 2005 HEARING; DIRECTING DEFENDANTS TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE REMANDED** |
| v. | |
| VOLUME SERVICES OF AMERICA, INC., et al., | |
| Defendants | |

On April 1, 2005, plaintiffs, in state court, filed a complaint alleging nine claims, each of which arises under state law. On June 3, 2005, defendants Bon Appetit Management Company, Inc. and Markus Hartmann (collectively, "Bon Appetit") filed a notice of removal, asserting the district court has federal question jurisdiction over the complaint, for the reason that each of plaintiffs' claims is preempted by 29 U.S.C. § 185 and that, as a result, plaintiff's claims are, pursuant to the doctrine of complete preemption, "recharacterized" as federal claims under § 185. (See Notice of Removal ¶¶ 12, 13.) On June 3, 2005, defendants Volume Services of America, Inc. d/b/a/ Centerplate and William Greathouse (collectively, "Centerplate") filed a notice of joinder in Bon Appetit's notice.

On June 13, 2005, Bon Appetit filed an answer to plaintiffs' complaint. In their answer, Bon Appetit responds to the merits of each of plaintiffs' state law claims. Bon

Appetit also alleges, apparently in the alternative, the affirmative defense that each of plaintiffs' claims is preempted by § 185.

On June 16, 2005, Centerplate filed a motion to dismiss, arguing that three of plaintiffs' claims are subject to dismissal, for the reason that plaintiffs fail to state a claim under state law. In other words, Centerplate has taken the position that at least three of plaintiff's claims are not completely preempted by § 185 and must be analyzed as claims arising under state law. In a footnote, however, Centerplate purports to "reserve the right" to argue that each of plaintiffs' claims, including those that are the subject of the motion to dismiss, are preempted by § 185.

The sole ground for removal jurisdiction alleged by defendants is the existence of a federal question, premised on the theory that plaintiffs' claims are preempted by § 185. Consequently, the Court lacks jurisdiction to consider Centerplate defendants' motion to dismiss, unless and until defendants establish that at least one claim in the complaint is completely preempted by § 185.[1] In light of both Bon Appetit, in its answer, and Centerplate, in its motion to dismiss, having taken the position, at least in the alternative, that none of plaintiffs' claims may be preempted, the Court hereby VACATES the July 22, 2005 hearing on Centerplate's motion to dismiss and hereby ORDERS defendants to show cause why the instant action should not be remanded.

Specifically, defendants are ORDERED to identify each claim in the complaint that defendants argue is completely preempted and, as to each such claim, to set forth the grounds for such preemption. Further, to the extent defendants argue that any of the claims are not completely preempted, defendants shall set forth the basis for the Court's exercise of supplemental jurisdiction over any such state law claim.

//
//
//

---

[1] If at least one claim in the complaint is completely preempted, the Court, arguably, would have supplemental jurisdiction over the non-preempted state law claims.

2

In conjunction with the above order, the Court hereby SETS the following briefing schedule:

1. Defendants, no later than July 8, 2005, shall file a joint response, not to exceed twenty pages in length. Alternatively, Bon Appetit and Centerplace may each file an individual response, neither to exceed ten pages in length.

2. Plaintiffs, no later than July 22, 2005, shall file a reply to defendants' response or responses, not to exceed a total of twenty pages.

3. As of July 22, 2005, the Court, unless it advises the parties that oral argument is necessary, will take the matter under submission.[2]

**IT IS SO ORDERED.**

Dated: June 21, 2005                    /s/ Maxine M. Chesney
                                        MAXINE M. CHESNEY
                                        United States District Judge

---

[2] After ruling on the issue of whether the Court has jurisdiction over the instant action, the Court will determine whether it is appropriate to consider Centerplate's motion to dismiss and, if so, will set a briefing schedule for that motion.