United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   ROBERT MCCALL, et al.,                    No. C-05-2278 MMC
12              Plaintiffs,              **ORDER REMANDING ACTION**
       v.
13
     VOLUME SERVICES OF AMERICA, INC.,
14   et al.,
15              Defendants
     _____/
16
17         On June 21, 2005, the Court ordered defendants to show cause why the above-titled
18   action should not be remanded for lack of subject matter jurisdiction.  Before the Court is
19   the response filed on behalf of defendants Bon Appetit Management Company, Inc. and
20   Marcus Hartmann (collectively, "Bon Appetit"), and a joinder therein filed by defendants
21   Volume Services of America, Inc., d/b/a Centerplate, and William Greathouse (collectively,
22   "Centerplate").  Plaintiffs Robert McCall, Cheryl Cross-Toby, Barbara Patch, Michelle
23   Jackson, Deborah Torano, and Cornell James filed a reply to defendants' response.
24   Having considered the papers filed by the parties, the Court rules as follows.[1]
25                              **BACKGROUND**
26         Plaintiffs allege they are employed by Centerplate as Luxury Suite Servers at SBC
27
28         [1]By order filed June 21, 2005, the Court advised the parties that the matter would be
     taken under submission upon receipt of plaintiffs' reply to defendants' response.

1    Park during baseball games, (see Compl. ¶ 17), and that Centerplate hired Bon Appetit as

2    its subcontractor to provide food and beverage services, (see id. ¶ 16.)

3         According to plaintiffs, during the 2000 season, plaintiffs would present customers

4    with a "guest check" that included a line for an 18% service charge and another line for tips.

5    (See id. ¶ 18.)  Plaintiffs allege that in April 2001, defendants altered the language on the

6    guest checks to state, "A portion of the service charge is distributed to your server and

7    support staff," (see id. ¶ 19), and, in 2002, added, "Any additional gratuity is at your

8    discretion," (see id. ¶ 22.  Plaintiffs also allege that although they complained to

9    defendants that such language on the guests checks resulted in a reduction in tips,

10   defendants refused to change the language and would not allow plaintiffs to discuss with

11   customers the amount of the service charge plaintiffs received.  (See id. ¶ 31.)  According

12   to plaintiffs, defendants made a misrepresentation to plaintiffs when defendants told

13   plaintiffs that a "portion of the service was a tip."  (See id. ¶ 20.)

14        Plaintiffs further allege that during the 2004 season, defendants implemented a new

15   policy whereby plaintiffs were not allowed to collect tips left by customers, where the tip

16   was charged on a credit card and the holder had not signed the guest check.  (See id.

17   ¶ 32.)  According to plaintiffs, such policy resulted in a further loss of tips, because the

18   credit card holder often was not present at the ballpark.  (See id.)

19        On April 1, 2005, plaintiffs filed the instant complaint in state court, alleging statutory

20   claims under the California Labor Code and the California Business and Professions Code,

21   as well as claims for fraud, negligent misrepresentation, and conversion.  On June 3, 2005,

22   defendants removed the action on the ground plaintiffs' claims are completely preempted

23   by the Labor Management Relations Act ("LMRA")[2] and thus arise under federal law.

24   _____

25        [2]In their notice of removal, defendants also assert that plaintiffs' claims are
26   preempted by the National Labor Relations Act ("NLRA").  As defendants correctly note in
     their notice of removal, however, removal cannot be based on NLRA preemption.  See
27   Ethridge v. Harbor House Restaurant, 861 F. 2d 1389, 1400 (9th Cir. 1988) (holding "state
     law actions claimed to be preempted by [the NLRA] are not removable to federal court").
28   Accordingly, the Court does not consider whether plaintiffs' claims are preempted by the
     NLRA.

**DISCUSSION**

The LMRA completely preempts state law claims brought to enforce collective bargaining agreements, as well as "state-law actions that require interpretation of labor agreements."  See Balcorta v. Twentieth Century-Fox Film Corp., 208 F. 3d 1102, 1107-08 (9th Cir. 2000) (internal quotation and citation omitted).  Here, defendants argue, plaintiffs' claims are completely preempted by the LMRA, because resolution of the claims will require a court to interpret certain provisions of the parties' collective bargaining agreement ("CBA"),[3] specifically, the following provisions:

> Gratuities for Suite Employees as follows:
>
> Suite Attendants:  $103.00 per shift effective 4/1/03
> Suite Cashiers  $40.00 per shift effective 4/1/03
> Managers/Runners  $38.00 per shift effective 4/1/03.

(See Notice of Removal Ex. C at 25.)

> No Employee will be permitted to requests [sic] or encourage tips.  Any such employees [sic] who requests or encourages tips will be subject to disciplinary action up to and including discharge.  Employees may accept tips but will not be permitted to solicit tips.  Any such employee who solicits tips will be subject to disciplinary action up to and including discharge.

(See id. Ex. C at 12.)

> In the exercise of its customary management rights, the Employer reserves the right to discipline and/or discharge any employee for the violation of any reasonable rules or regulations made by the said Employer or for inefficiently [sic] or incompetence in the work in which the employee is classified or for other reasons of just cause.

(See id. Ex. C at 2.)

Plaintiffs' complaint contains nine causes of action, which the Court will address in the order discussed in defendants' response to the Order to Show Cause.

**A.  Fraud**

In their Seventh Cause of Action, plaintiffs allege a claim for fraud.  Specifically, plaintiffs allege that defendants represented to them that "a portion of the 18% service

---

[3]The parties to the CBA are Centerplate and plaintiffs' union.  (See Fine Decl. Ex. A at 1, Ex. B at 1.)  Defendants have not addressed whether Bon Appetit is or was also bound by the CBA.

3

1   charge is a tip," and that such representation was false because "a service charge is not a

2   tip under the law." (See Compl. ¶ 65.)[4]

3       Defendants argue that, in order to resolve whether the alleged statement was a

4   misrepresentation, a court will be required to interpret the above-quoted "Gratuities for

5   Suite Employees" provision of the CBA. Defendants note that although the provision

6   entitles plaintiffs to a specific "gratuity" per shift, the CBA is silent as to the source of the

7   gratuity. Thus, defendants argue, a court would have to determine whether the CBA

8   provides that the source of the gratuity is the service charge. As noted, however, plaintiffs

9   allege that the representation at issue was false because it is contrary to law, i.e, that, as a

10  matter of law, a service charge is not a tip. Interpreting the CBA's "Gratuities" provision will

11  not resolve the issue of whether, as a legal matter, a service charge is a tip.

12      Accordingly, defendants have not shown that plaintiffs' fraud claim is completely

13  preempted by the LMRA. See Ethridge v. Harbor House Restaurant, 861 F. 2d 1389, 1393

14  (9th Cir. 1988) ("The party invoking the removal statute bears the burden of establishing

15  federal jurisdiction.").

16  **B.  California Labor Code § 351**

17      In their First Cause of Action, plaintiffs allege that defendants violated § 351 of the

18  California Labor Code, which prohibits an employer from taking "any gratuity" left by a

19  customer for an employee. See Cal. Lab. Code § 351. Plaintiffs allege that defendants

20  have "willfully and wrongfully kept tips" belonging to plaintiffs, under three different theories:

21  (1) by including language on guest checks that "misleads" customers and causes them to

22  leave smaller tips than they otherwise would have left; (2) by refusing to give plaintiffs tips

23  charged on credit cards, where the credit card holder had not signed the guest check; and

24  (3) by prohibiting plaintiffs from discussing the service charge and tips with customers.

25  (See Compl. ¶ 41.)

26

27      [4]Plaintiffs do not identify in their complaint the law on which plaintiffs rely. In its
    answer, however, Bon Appetit "admit[s] that service charges are generally treated
28  differently under California law than tips are." (See Answer ¶ 20.)

1    Defendants concede that plaintiffs' second theory does not require interpretation of

2  the CBA, (see Defs.' Response at 7:23-26), and fail to set forth any reason as to why the

3  third theory would require interpretation of the CBA.  With respect to the first theory,

4  defendants argue that a court would have to determine whether defendants' statements on

5  the guest checks are misrepresentations, and that such issue requires interpretation of the

6  CBA.  As discussed above, however, defendants have failed to make a sufficient showing

7  in that regard.

8    Accordingly, defendants have not shown that plaintiffs' claim under § 351 is

9  completely preempted by the LMRA.

10  **C.  California Labor Code § 353**

11    In their Second Cause of Action, plaintiffs allege that defendants have violated § 353

12  of the California Labor Code, which provides that "[e]very employer shall keep accurate

13  records of all gratuities received by him, whether received directly from the employee or

14  indirectly by means of deductions from the wages of the employee or otherwise."  See Cal.

15  Lab. Code § 353.  Plaintiffs allege that because defendants are erroneously treating a

16  portion of the service charge as a tip, defendants are unable to keep accurate records of

17  the tips defendants have received.  (See Compl. ¶ 48.)  For the reasons discussed above,

18  resolution of this claim is not dependent on an interpretation of the CBA, but, rather, on

19  whether a service charge can, as a legal matter, be considered a tip.

20    Accordingly, defendants have not shown that plaintiffs' claim under § 353 is

21  completely preempted by the LMRA.

22  **D.  California Labor Code § 232**

23    In their Third Cause of Action, plaintiffs allege that defendants violated § 232 of the

24  California Labor Code, which prohibits an employer from "[r]equir[ing], as a condition of

25  employment, that an employee refrain from disclosing the amount of his or her wages," as

26  well as disciplining an employee who discloses the amount of his or her wages.  See Cal.

27  Lab. Code § 232.  In particular, plaintiffs allege that defendants violated § 232 by instituting

28  a policy prohibiting plaintiffs from discussing with customers the service charge, other than

1   to allow plaintiffs to repeat to customers the "misrepresentation" that a portion of the service

2   charge is a tip, and by subjecting plaintiffs to discipline for violating the policy.  (<u>See</u> Compl.

3   ¶ 53.)

4       Defendants argue they cannot be held liable under § 232 by "requiring that an

5   employee refrain from lying about the amount of his or her wages," (<u>see</u> Defs.' Response at

6   9:8-9), and that, as a consequence, resolution of this claim again turns on whether the CBA

7   allows defendants to treat a portion of the service charge as a tip.  As discussed above,

8   however, plaintiffs' theory is that, as a matter of law, no portion of the service charge can

9   be considered a tip.  Consequently, as with the other claims discussed above, resolution of

10  this claim is not dependent on a resolution of the CBA, but on a resolution of the "law" on

11  which plaintiffs rely.

12      Accordingly, defendants have not shown that plaintiffs' claim under § 232 is

13  completely preempted by the LMRA.

14  **E.  California Labor Code § 232.5**

15      In their Fourth Cause of Action, plaintiffs allege a violation of § 232.5 of the

16  California Labor Code, which provides:

17      No employer may do any of the following:

18      (a) Require, as a condition of employment, that an employee refrain from
        disclosing information about the employer's working conditions.
19
20      (b) Require an employee to sign a waiver or other document that purports to
        deny the employee the right to disclose information about the employer's
        working conditions.
21
22      (c) Discharge, formally discipline, or otherwise discriminate against an
        employee who discloses information about the employer's working conditions.

23      . . . .

24  <u>See</u> Cal. Lab. Code § 232.5.

25      This claim, similar to the Third Cause of Action, is based on the theory that

26  defendants' policies limit the manner in which plaintiffs may discuss service charges and

27  tips with customers.  (<u>See</u> Compl. ¶ 57.)  For the reasons discussed above, resolution of

28  the theory advanced by plaintiffs is not dependent on the interpretation of the CBA.

1    Accordingly, defendants have not shown that plaintiffs' claim under § 232.5 is

2  completely preempted by the LMRA.

3  **F.  California Business and Professions Code § 17200**

4    In their Fifth Cause of Action, plaintiffs allege a violation of § 17200 of the California

5  Business and Professions Code, which prohibits "any unlawful, unfair or fraudulent

6  business act or practice," see Cal. Bus. & Prof. Code § 17200, on the theory that

7  defendants have violated the above-referenced sections of the Labor Code.  Because this

8  claim is entirely derivative of plaintiffs' claims under §§ 351, 353, 232, and 232.5 of the

9  Labor Code, and defendants have not shown that any of those claims are completely

10 preempted, defendants likewise have failed to show that plaintiffs' § 17200 is completely

11 preempted by the LMRA.

12 **G.  Negligent Misrepresentation**

13   In their Eighth Cause of Action, plaintiffs allege a claim for negligent

14 misrepresentation, based on the same theory as their claim for fraud.  For the reasons

15 stated with respect to the fraud claim, the Court finds that defendants have not shown the

16 negligent misrepresentation claim is completely preempted by the LMRA.

17 **H.  Conversion**

18   In the first of two claims titled Ninth Cause of Action,[5] plaintiffs allege a claim for

19 conversion.  Specifically, plaintiffs allege that defendants have "wrongfully" obtained

20 plaintiffs' tips and "converted them" for defendants' own benefit.  (See Compl. ¶ 75.)

21   According to defendants, this claim, to the extent it is based on a theory that the

22 "wrongful" act is the alleged misrepresentation that a service charge is a tip, is completely

23 preempted.  Again, for the reasons stated above, defendants have not shown that

24 interpreting the CBA will resolve the legal issue presented by plaintiffs' claim, i.e., whether,

25 as a legal matter, any portion of a service charge can be a tip.

26   Accordingly, defendants have not shown the conversion claim is completely

27 ───────────────

28    [5]Plaintiffs' complaint does not designate any claim as a "Sixth Cause of Action," and,
instead, designates two claims as a "Ninth Cause of Action."

7

preempted by the LMRA.

**I. California Labor Code § 98.6**

In the second claim titled Ninth Cause of Action, plaintiffs allege a violation of § 98.6 of the California Labor Code, which prohibits an employer from retaliating against an employee who has engaged in conduct protected under certain provisions of the Labor Code.  See Cal. Lab. Code § 98.6.  Plaintiffs allege that after they "voic[ed] their opinions at meetings and [spoke] out against [defendants'] unlawful wage and hour policies," defendants subjected them to a hostile work environment.  (See Compl. ¶¶ 79-80.)

Defendants argue that resolution of this claim will require a court to determine whether defendants unlawfully treated the service charge as a tip.  Although defendants assert that the issue of unlawfulness can be determined by interpreting the CBA, defendants, as discussed above, have failed to make such a showing.

Accordingly, defendants have not shown that plaintiffs' claim for violation of § 98.6 is completely preempted by the LMRA.

**CONCLUSION**

For the reasons stated, defendants have failed to show that any of plaintiffs' claims is completely preempted by the LMRA, and, consequently, have failed to show that the Court has subject matter jurisdiction over the instant action.  Accordingly, the Court hereby REMANDS the above-titled action for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c), to the Superior Court of the State of California, in and for the County of San Francisco.

The Clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated:  September 13, 2005

_____
MAXINE M. CHESNEY
United States District Judge